**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| HV GLOBAL SERVICES, LLC,<br>Plaintiff, | §<br>§<br>§ | |
| VS. | §<br>§ | |
| WESTERN WORLD INSURANCE COMPANY AND AIG CLAIMS, INC.,<br>Defendants. | §<br>§<br>§ | Civil Action No. 4:25-CV-05339 |

## OPPOSED EXPEDITED MOTION TO DISMISS WITHOUT PREJUDICE

HV Global Services, LLC ("Plaintiff") files this Expedited Motion to Dismiss with Prejudice. HV Global Services, LLC requests that the Court enter an order of dismissal without prejudice in this case against Western World Insurance Company ("Western") and AIG Claims, Inc. ("AIG," together with Western, "Defendants").

**Background**

On October 6, 2025, Plaintiff sued Western World Insurance Company and AIG Claims, Inc., for breach of contract and noncompliance with the Texas Insurance Code among other claims. Such claims relate to damage to a commercial building sustained on May 16, 2024, when a derecho storm impacted the Houston area, and a tornado hit the covered property, causing a total lost to the building.

On October 31, 2025, Defendants filed their original answers in this case, and on November 7, 2025, Defendants removed this suit to Federal Court.

On November 4, 2025, prior to removal, Defendants filed a Motion to Preclude an Award of Attorney's Fees Pursuant to Section 542.007(D) of the Texas Insurance Code ("Motion to Preclude"). That Motion to Preclude was refiled in this matter on November 19, 2025, and is pending before the Court. The Motion to Preclude argues that attorney's fees should be barred in

this matter because Plaintiff's pre0suit notice failed to comply with the requirements of Section 542.007(D) of the Texas Insurance Code.

The parties are scheduled to appear for an initial scheduling conference on February 6, 2026, at 10:30 a.m. Discovery has not yet begun in this case, and is prohibited until after the parties Rule 26(f) conference.

Plaintiff disputes that Defendants' Motion to Preclude should be granted. However, in an abundance of caution and in order to fulfill the intended goals of the statute to resolve matters prior to engaging in further litigation, Plaintiff seeks to dismiss this action and amend its presuit notice. Cognizant that some causes of action may be time barred after May 15, 2026, the Plaintiff requests that the Court consider this matter on an expedited basis, so that this case may be dismissed and an updated 60-day notice may be provided to the Defendants.

**Standard**

Pursuant to Rule 41(a)(2), this Court has the discretion to allow Plaintiff to voluntarily dismiss its lawsuit without prejudice. The Fifth Circuit recognizes that "as a general rule, motions for voluntary dismissal should be freely granted unless the nonmoving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit. *Sanchez v. Safeco Ins. of Indiana*, No. 4:17-CV-00892, 2018 WL 4185523, at *1 (E.D. Tex. Aug. 31, 2018)(citing *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002)). "The primary purpose of Rule 41(a)(2) is to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Id.* (quotation omitted).

The voluntary dismissal of a lawsuit under Fed. R. Civ. P. 41 places a plaintiff "in a legal position as if he [plaintiff] had never brought the first suit." *Yesh Music v. Lakewood Church*, 727 F.3d 356, 359 (5th Cir.2013) (quoting *Harvey Specialty & Supply, Inc.*, 434 F.3d at 324).

Importantly, following a Rule 41 dismissal, the plaintiff suffers no impairment beyond his fee for filing. *Id.* Federal courts have uniformly held that "the effect of a voluntary dismissal without prejudice pursuant to Rule 41(a) is to render the proceedings a nullity and leave the parties as if the action had never been brought." *See, e.g., Thompson v. Greyhound Lines, Inc.*, 574 Fed. Appx. 407, 409 (5th Cir. 2014); *Bonneville Associates, Ltd. P'ship v. Barram*, 165 F.3d 1360, 1364 (Fed. Cir. 1999) (internal citations, quotation marks, and alterations omitted); *Beck v. Caterpillar Inc.*, 50 F.3d 405, 407 (7th Cir.1995) ("[T]hat suit was voluntarily dismissed pursuant to Fed. R. Civ. P. 41(a), and is treated as if it had never been filed."); *Harbor Ins. Co. v. Essman*, 918 F.2d 734, 737 n. 3 (8th Cir. 1990); *Dade Cnty. v. Rohr Indus., Inc.*, 826 F.2d 983, 989 (11th Cir. 1987). As a result, the plaintiff is permitted to return later to the dismissing court or other courts to assert the same or similar claims "without restriction." *Lakewood Church*, 727 F.3d at 359.

**Argument**

The Fifth Circuit has held that Courts must grant voluntary dismissals "freely." The Court considering such a request must assume a voluntary dismissal is proper unless the nonmovant definitively shows otherwise. *See Elbaor*, 279 F.3d at 317.

Here, Plaintiff anticipates that Defendants will insist that they will be prejudiced if the Court allows Plaintiff to voluntarily dismiss this action. But courts have rejected exactly that argument:

> [O]utright denial of a motion to [voluntarily] dismiss should be reserved only for those cases where the defendant demonstrates: (1) that dismissal will preclude the court from deciding a pending case or claim-dispositive motion; or (2) that there is an objectively reasonable basis for requesting that the merits of the action be resolved in this forum in order to avoid legal prejudice.

*Radiant Tech. Corp. v. Electrovert USA Corp.*, 122 F.R.D. 201, 203 & n.4 (N.D. Tex. Oct. 19, 1988) (discussing *Yoffe v. Keller Indus., Inc.*, 580 F.2d 126 (5th Cir. 1978)). Neither situation exists here. While Plaintiff is admittedly dismissing this action to address the alleged pre-suit

notice defect, the Fifth Circuit has noted "[i]t is no bar to dismissal that plaintiff may gain some tactical advantage thereby." *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967) (citations omitted); *see also Radiant Tech. Corp.*, 122 F.R.D. at 202-06 (N.D. Tex. Oct. 19, 1988) (providing a comprehensive discussion of the Court's considerations in the Rule 41(a)(2) context and discussing certain acceptable advantages plaintiffs may realize via voluntary dismissal). Jordan assuredly "gain[s] a tactical advantage" by skirting the preclusion of attorney's fees, but dodging such preclusion is not the same as avoiding a pending claim-dispositive motion. *See Radiant Tech. Corp.*, 122 F.R.D. at 202-06.

Although courts have held that they "must carefully monitor Rule 41(a)(2) voluntary dismissals to insure that they do not engender abuse," *Id.*, such concern is not warranted here.

> [A] fine line sometimes exists between imposing 'plain legal prejudice' and merely subjecting the defendant to another lawsuit—in this case the dismissal seems to fall on the latter side of that line. [Defendant] does not complain that the case has proceeded far in discovery, causing excessive litigation costs. Moreover, the district court's ruling on the choice of law, although undoubtedly heartening to [Defendant], was not as definitive as, say, a summary judgment based on Louisiana's statutory employer defense.

*Manshack v. Sw. Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990). In *Manshack,* the plaintiff voluntarily dismissed after the court rendered a non-dispositive yet defendant-favorable decision. *Id.* The court did not find this unduly prejudicial to the defendant because, although advantageous for the plaintiff, it did not avoid a claim-dispositive motion or strip the defendant of an absolute defense. *Id.* The Court further held that the litigation was young and the Court could not find a reason to deviate from the default stance that Rule 41(a)(2) dismissals should be freely granted.

Moreover, there is no other evidence of legal prejudice to Defendants, which normally requires proof that dismissal was done" at the late stages of trial, after the defendant has exerted significant time and effort." *Davis v. Huskipower Outdoor Equipment Corp.*, 936 F.2d 193, 198

(5th Cir. 1991). Here, voluntary dismissal without prejudice is sought at the earliest stages of litigation, before Defendants could plausibly argue they have suffered prejudice.

Notably, other courts considering dismissals in the context of similar motions to preclude an award of attorney's fees pursuant to Section 542.007(D) of the Texas Insurance Code have permitted voluntarily dismissals to address such defects. *See Jordan Indus., LLC v. Travelers Indem. Co.*, No. 8:21-cv-00114-O, 2022 WL 2719630 (N.D. Tex. April 12, 2022) (Ray, J.); *Underwood Financial, Ltd. v. AMCO Ins. Co,*, No. 3:22-cv-02628-B, ECF No. 20 (N.D. Tex. Jan. 23, 2023) (Boyle, J.) (unpublished); *L&L Fabrication LLC v. Amerisure Ins. Co.*, No. 4:20-cv-01059-P, ECF No. 15 (N.D. Tex. Nov. 4, 2020) (Pittman, J.) (unpublished).

**Conclusion & Prayer**

Therefore, Plaintiff HV Global Services, LLC requests that this Court grant it a voluntary dismissal without prejudice and on an expedited basis so that notice may be given before the expiry of the statute of limitations, with each side bearing its own costs and attorney's fees and grant such other and further relief to which it may be justly entitled.

Respectfully submitted,

**NATHAN SOMMERS GIBSON DILLON PC**

By: */s/ Iain L. C. Kennedy*
Iain L. C. Kennedy
Texas Bar No. 24068094
Federal ID No. 1066018
Attorney-in-Charge for Peter Davis
1400 Post Oak Boulevard, Suite 300
Houston, Texas 77056
713.960.0303 - phone
713.892.4800 – fax
ikennedy@nathansommers.com

COUNSEL FOR PLAINTIFF

OF COUNSEL:

Anna Orr
Texas Bar No. 24137090
Federal ID No. 3866980
**NATHAN SOMMERS GIBSON DILLON PC**
1400 Post Oak Boulevard, Suite 300
Houston, Texas 77056
713.960.0303 – phone
713.892.4800 – fax
aorr@nathansommers.com

## CERTIFICATE OF CONFERENCE

I certify that before filing this Motion to Dismiss Without Prejudice, I conferred with Western World Insurance Company's and AIG Claims, Inc.'s counsel, Stephen Wedemeyer, via e-mail on November 19, 2025, regarding the Motion. Mr. Wedemeyer stated that Defendants are opposed to the filing of the Motion.

*/s/ Iain L. C. Kennedy*
Iain L. C. Kennedy

## CERTIFICATE OF SERVICE

I certify that a copy of the Motion to Dismiss Without Prejudice was served on counsel of record as shown below on December 12, 2025.

Stephen R. Wedemeyer — By E-Mail (swedemeyer@shackelford.law)
Gisela A. Aguilar — By E-Mail (gaguilar@shackelford.law)
Shackelford, McKinley & Norton, LLP
717 Texas Avenue, 27th Floor
Houston, Texas 77002

*/s/ Iain L. C. Kennedy*
Iain L. C. Kennedy